IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 c 374 |
| ) | |
| NINJA PALMS, ) | Wayne R. Andersen |
| ) | District Judge |
| Defendant. ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on Ninja Palms' ("Palms") petition for writ of habeas corpus. Palms is asking the court to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied. *Id.*

## BACKGROUND

Beginning in 1994 and continuing until March 2002, Palms contributed in a drug conspiracy to manufacture and distribute crack cocaine. As part of the conspiracy, co-defendants, Troy Lawrence ("Lawrence") and Cameron Wilson ("Wilson"), delivered kilograms of powder cocaine to Palms' apartment. Lawrence cooked the powder cocaine into crack cocaine and broke it into small pieces. Palms, Lawrence, Wilson, Levert Griffin, and Montel Goings would then place the small pieces of crack cocaine into individual bags, seal them, and then store them in Palms' apartment until they were sold. Palms admitted in her plea agreement that she delivered crack cocaine packages to the "shift runners" at a drug spot which was within 1,000 feet of the Gavin Elementary School in Chicago Heights, Illinois. Palms also admitted in her plea agreement that she occasionally accompanied Lawrence during the purchases of the

cocaine purchases, and, in exchange for Palms' help, Lawrence promised to pay her rent plus a weekly salary. However, Palms states she sometimes did not receive the weekly salary.

On July 16, 2002, Palms was charged with: (1) conspiring to posses with intent to distribute; and (2) distributing powder and crack cocaine within 1,000 feet of an elementary school, in violation of 21 U.S.C. §841(a)(1) and (b) and 21 U.S.C. §860(a). Represented by court-appointed counsel and pursuant to 21 U.S.C. §846 and 18 U.S.C. §2, on November 26, 2002 Palms pled guilty to Count I of the indictment. A written plea agreement signed by the parties set out a detailed factual basis for the plea, the maximum statutory penalties for the offense, a preliminary guidelines calculation, and the rights Defendant was relinquishing by virtue of her guilty plea. Paragraphs 2 and 12 of the plea agreement state as follows:

> Defendant has read the charges against her contained in the indictment, and those charges have been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crimes with which she has been charged. Defendant will enter a voluntary plea of guilty to Count One of the indictment in this case.
> The Defendant is also aware that Title 18, United States Code, Section 3742 afford a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255 with respect to any and all claims known to her on or before the time of sentencing. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation."

Plea Agreement, at ¶¶ 2, 12.

On July 8, 2004, Palms was sentenced to 112 months imprisonment. On January 20, 2005, Palms filed the instant petition to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. As support for her petition, Palms raises the constitutional arguments of

2

ineffective assistance of trial counsel and that she involuntarily pled guilty and now asks this court to examine both claims.

## DISCUSSION

Under 28 U.S.C.§ 2255, an individual can petition a district court to vacate, set aside, or correct a federal sentence. 28 U.S.C. § 2255 (2006). Collateral relief under §2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). The statue provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255 (2006). Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). The Supreme Court has held that a constitutional claim of ineffective assistance of counsel raised for the first time in a §2255 petition is not procedurally defaulted. *Massaro v. United States*, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003). When analyzing a claim for ineffective assistance of trial counsel, the court applies the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To successfully establish her Sixth Amendment ineffective assistance claim, Palms must provide evidence that: (1) her attorney's performance fell below an objective standard of reasonableness (the "performance prong"); and (2) that the counsel's

3

deficiencies prejudiced her defense (the "prejudice prong"). *Id* at 688-92.

The performance prong requires Palms to specifically identify acts or omissions that form the basis of her claim of ineffective assistance. *Id.* at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* Courts begin this analysis with a strong presumption that counsel rendered reasonably effective assistance. *United States v. Moralez*, 064 F.2d 677, 683 (7th Cir. 1992). The court also presumes that there is no prejudice by error, if it was committed. *United States ex rel. Partee v. Lane*, 926 F.2d 694, 700 (7th Cir. 1991). The prejudice prong requires petitioner to "show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. Failure to satisfy either the performance prong or prejudice prong of the *Strickland* test is fatal to an ineffectiveness claim. *Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir. 1991).

Palms states she repeatedly informed her attorney that she did not understand the plea agreement or the terms of the agreement itself and his inaction constitutes ineffective assistance of counsel. However, the record does not support this allegation. At the plea hearing on November 26, 2002, the court informed Palms that the maximum penalty was life imprisonment and that there could be a mandatory minimum of 10 years imprisonment. (11/26/02 Plea Hearing at 8.) The court also asked Palms, "did you go over these calculations with your lawyer? Did you discuss all of this with your lawyer?" to which Palms replied, under oath, "Yes." (*Id.*) The court also reminded Palms that her term of imprisonment would be equal to two-thirds of the low end of the applicable guideline range, pursuant to the plea agreement that she signed. (*Id.* at

4

12.) Moreover, attorney Jonathan Minkus stated in a sworn affidavit that "in every discussion I had with Ms. Palms, both in leading up to her plea and sentencing and at the time of her sentencing, I made it absolutely clear to Ms. Palms that she was facing certain prison time and at no time did she ever give me any reason to believe that she did not understand that." (Minkus Aff. ¶ 7.)

Finally, Palms stated to the court in a later hearing that she knew she was going to be sentenced to imprisonment, but had hoped it would be for a minimal amount. She stated, "it is just then when you said ten years, I thought I was starting at ten. I didn't know I was going to end up at ten." (7/20/04 Status Hearing Tr. at 3.) "It is just that I feel eight years for my first-time offense and-just was a little too much. That is it." (*Id.* at 4.) The Seventh Circuit has consistently held that a defendant's statements at a plea hearing are presumed to be true. *See United States v. Jones,* 381 F.3d 615, 618 (7th Cir. 2004): *United States v. Suggs,* 374 F.3d 508, 520 (7th Cir. 2004); *United States v. Redig,* F.3d 277, 280 (7th cir. 1994).

Palms makes no argument to rebut the presumption of truth given in her sworn statements made at the plea hearing. In fact, Palms' sworn testimony both at the plea hearing and on July 20, 2004 affirm that she understood the terms of her plea agreement and the plea process itself. Her testimony indicates that she was advised of the plea agreement and said she understood its significance. In addition, Mr. Minkus' sworn affidavit supports that he advised Palms of the prison time and meaning of the plea.

Palms also alleges that her counsel was ineffective because he gave her incorrect and insufficient advice concerning her right to collaterally attack her sentence, and that counsel improperly advised her regarding her options after her sentence was entered. The court rejects both of these arguments. Palms waived any right to collaterally attack her sentence when she

entered into her plea agreement. Paragraph 12 of the agreement clearly states:

> "[T]he defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255 with respect to any and all claims known to her on or before the time of sentencing. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation."

Plea Agreement, at ¶12.

Further, Palms affirmed her understanding of this portion of the plea agreement at the plea hearing. (11/26/02 Plea Hearing at 11.) She offers no support in her petition to show that her attorney improperly advised her regarding her right to collaterally attack her sentence. In fact, Palms' affirmative response at the plea hearing supports the conclusion that she knowingly waived her right to collaterally attack her sentence.

As far as Palms' right to appeal, she claims that Mr Minkus misinformed her regarding her options. However, the evidence on record does not support her contention. Her lawyer's affidavit provides that he advised Palms that "she had, in fact, received from the District Court not only an extremely lenient sentence but also a sentence determination made [] that was extremely fortuitous and unlikely to be upheld on appeal." (Minkus Aff. ¶ 5.)(noting that this court granted a reduction in Palms' sentence by not adjusting her offense level upward due to her knowledge that guns were used in the conspiracy. (7/8/2004 Sentencing at 14-17.)) Palms' arguments regarding the information she received regarding her rights to collateral attack do not satisfy the first prong of Strickland and therefore fails.

Finally, Palms claims ineffective assistance of counsel alleging her guilty plea was

involuntary. Palms contends her attorney pressured her to sign the agreement and that she would not have signed if she knew the plea sent her to jail, stating that she told Minkus "I will not sign no plea to go to prison." (Pet. Aff. ¶ 1.) Minkus denies Palms made that statement, stating that he "made it absolutely clear to Ms. Palms that she was facing certain prison time and at no time did she ever give [him] any reason to believe that she did not understand that." (Minkus Aff. ¶ 7.) The Seventh Circuit has held "the defendant's declaration in open court that the plea is not the product of threat or coercion carries a strong presumption of veracity. . ." *United States v. Seybold*, 979 F.2d 582, 588 (7th cir. 1992) (quoting *United States v. Darling*, 766 F.2d 1095, 1101 (7th cir. 1985)).

With respect to this argument, the court is guided by Federal Rules of Criminal Procedure, Rule 11, which provides "a thorough hearing to determine the voluntariness and intelligence of guilty pleas, and...defendants afforded such a hearing should not be easily let off the hook when they feel like changing their minds." *United States v. Coonce*, 961 F.2d 1268, 1276 (7th Cir. 1992). During Palms' Rule 11 hearing, the court orally reviewed the factual basis for her guilty plea. (11/26/02 Plea Hearing Tr. at 3-7.) The court then explained to Palms that by pleading guilty, she was waiving certain rights, including the right to a jury trial. (*Id.* at 9-10.) When Palms was asked if she entered into a voluntary plea of guilty to Count One, she replied, under oath, "Yes." (*Id.* at 3.) Finally, at the conclusion of the sentencing hearing, the court stated that "if you and your lawyer advise me one more time that no threats, promises or representations have been made, no agreements reached, other than those set forth in the agreement to cause you to pled [sic] guilty, then I will accept the plea....Miss Palms, is that true?" (*Id.* at 13.) Palms replied, "Yes." (*Id.*) We believe that Palms has failed to show that her trial counsel's conduct fell below an objective level of reasonableness with respect to her plea.

Petitioner's guilty plea was made knowingly and voluntarily, and therefore this claim of ineffective assistance of counsel also fails.

## CONCLUSION

For the foregoing reasons, Ninja Palms' petition for writ of habeas corpus to vacate, set aside, or correct her sentence [1] pursuant to 28 U.S.C. § 2255 is denied.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: November 29, 2006